768 F.2d 31
 Jan Allen REINER, Peter Fairchild, and Joseph Bilera, each
individually and on behalf of all others similarly situated
and Jan Allen Reiner as President of West Village Houses
Fair Rent Committee, Appellants,
v.
WEST VILLAGE ASSOCIATES, West Ville Associates, Washington
Village Housing Corp., RAQZ Inc., Starrett Brothers & Eken,
Inc., Grenadier Realty Corp., Kreisel Co., Inc., Samuel R.
Pierce, Jr., as Secretary of the Department of Housing and
Urban Development, the City of New York, and the New York
City Housing Development Corporation, Appellees.
 No. 1190, Docket 85-6047.
 United States Court of Appeals,
Second Circuit.
 Argued May 13, 1985.
Decided July 8, 1985.
 
 Gerald M. Kleinbaum, New York City (David J. Sweet, Raymond L. Herbert, Walter, Conston & Schurtman, P.C., New York City, of counsel), for appellants.
 Gerald D. Roth, New York City (Daniel Friedman, Lipkowitz & Plaut, New York City, of counsel), for appellees West Village Associates, West Ville Associates, Washington Village Housing Corp., RAQZ Inc., Starrett Brothers & Eken, Inc., Grenadier Realty Corp. and Kreisel Co., Inc.
 Alan Nisselson, Asst. U.S. Atty. (Rudolph W. Giuliani, U.S. Atty. S.D.N.Y., Steven E. Obus, Asst. U.S. Atty., of counsel), for appellee Samuel R. Pierce, Jr.
 Kristin M. Helmers, New York City (Frederick A.O. Schwarz, Jr., Corp. Counsel, Stephen J. McGrath, New York City, of counsel), for appellees The City of New York and The New York City Housing Development Corp.
 Before OAKES and CARDAMONE, Circuit Judges, and MacMAHON, District Judge.*
 PER CURIAM:
 
 
 1
 The tenants of a housing project, West Village Houses, appeal from an order of the United States District Court for the Southern District of New York, Morris J. Lasker, Judge, granting the federal, city, and private defendants' motions for summary judgment dismissing the complaint. Familiarity with Judge Lasker's comprehensive opinion, Reiner v. West Village Associates, 600 F.Supp. 233 (S.D.N.Y.1985), is assumed. The tenants' basic claim was that HUD improperly granted the project's private landlord a retroactive rent increase under a Regulatory Agreement that among other things controlled what rents the landlord could charge. HUD uses the Regulatory Agreement to administer a mortgage insurance program authorized by section 223(b) of the National Housing Act, 12 U.S.C. Sec. 1715n (1982) ("NHA"), which permits the refinancing of mortgages held by state or local agencies on existing buildings.[1] The complaint also alleged that HUD's action was violative of due process because the tenants did not receive notice of and an opportunity to comment on one of the proposals for a rent increase. The district court held that the tenants had neither a right of action under the Regulatory Agreement nor a property interest that triggered due process protection. We affirm.
 
 
 2
 We agree with the other courts of appeals that have held that tenants have no right to sue as third-party beneficiaries of regulatory agreements between HUD and project owners entered into pursuant to HUD's various mortgage insurance programs. See, e.g., Falzarano v. United States, 607 F.2d 506, 511 (1st Cir.1979); Harlib v. Lynn, 511 F.2d 51, 55-56 (7th Cir.1975). Appellant urges us to distinguish these cases on the basis that none involved section 223(f) mortgage programs. While the various mortgage insurance statutes differ slightly, section 223(f), like the other provisions, provides no basis for finding that tenants were the intended beneficiaries of such agreements.
 
 
 3
 The tenants rely on several state court decisions, e.g., Zigas v. Superior Court, 120 Cal.App.3d 827, 835-40, 174 Cal.Rptr. 806, 809-13 (1981), cert. denied, 455 U.S. 943, 102 S.Ct. 1438, 71 L.Ed.2d 655 (1982), holding that tenants are third-party beneficiaries under regulatory agreements. The district court, however, properly rejected this argument. The question is clearly governed by federal common law. See Clearfield Trust Co. v. United States, 318 U.S. 363, 366-67, 63 S.Ct. 573, 574-75, 87 L.Ed. 838 (1943). Even if the proper choice of law under federal common law were New York law, see United States v. Kimbell Foods, Inc., 440 U.S. 715, 727-29, 99 S.Ct. 1448, 1457-59, 59 L.Ed.2d 711 (1979), the question would remain the same: whether the tenants were intended beneficiaries of the agreement. We find more persuasive Judge Lasker's arguments that they were not, despite language to the contrary in Mount Sinai Hospital v. Loutsch, 119 Misc.2d 427, 430-31, 462 N.Y.S.2d 1004, 1006-07 (Civ.Ct.1983), and our own Caramico v. Secretary of Department of Housing and Urban Development, 509 F.2d 694, 700 (2d Cir.1974).[2]
 
 
 4
 In addition, we agree that appellants have no implied right of action under the NHA. Although the district court did not address the issue, we are in accord with the reasoning of the District of Columbia Circuit in Shivers v. Landrieu, 674 F.2d 906, 910-12 (D.C.Cir.1981). Appellants' reliance on the legislative history of the NHA is misleading; the legislative history actually cuts against them. The committee report they cite, S.Rep. No. 693, 93d Cong., 2d Sess. 25, 107 (1974), reprinted in 1974 U.S.Code Cong. & Ad.News 4273, 4296, 4374, concerned--as the owner-appellees note--provisions that were not included in the legislation actually passed. Compare S. 3066, Sec. 501(k)(2)(D), 93d Cong., 2d Sess. (1974), reprinted in 120 Cong.Rec. 6172, 6180 (1974) (authorizing notice to and comment from tenants), with 12 U.S.C. Sec. 1715n(f) (including no mention of notice and comment).
 
 
 5
 The tenants also claim that HUD did not have the statutory authority to increase rental rates retroactively, citing the Administrative Procedure Act, 5 U.S.C. Sec. 706(2)(C) (1982) ("APA"). The district court did not address the issue. HUD's attempts to argue that the tenants have no APA claim are ill conceived; it is now clear that the federal courts have subject matter jurisdiction under 28 U.S.C. Sec. 1331 (1982) over a claim that an agency has violated the APA. See Califano v. Sanders, 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977).[3] Every court addressing an APA issue in the HUD context has held or assumed that it had jurisdiction. See Frakes v. Pierce, 700 F.2d 501, 504-06 (9th Cir.1983) (citing cases). The relevant question under the APA, 5 U.S.C. Sec. 701(a)(2), is whether HUD's decision is committed to agency discretion. The courts that have addressed the issue agree that the Secretary's decision to approve a rent increase is unreviewable, id., but none addressed the retroactivity point that the tenants here seek to make. That is to say, the amount of a prospective increase may be committed to agency discretion, but, according to the tenants, the authority to grant increases retroactively is not. This argument lacks merit. The result turns on whether the NHA prohibits retroactive increases. See Grace Towers Tenants Association v. Grace Housing Development Fund Co., 538 F.2d 491, 496 (2d Cir.1976). The tenants have not shown that it does. Indeed, the statute vests wide discretion in the Secretary concerning the regulation of mortgage insurance programs.
 
 
 6
 The tenants offer several bases for their claim of a property interest justifying application of due process analysis. None has merit. For the reasons stated in Judge Lasker's decision, 600 F.Supp. at 239-42, New York law, N.Y.Priv.Hous.Fin.Law Sec. 31(1)(a) (McKinney 1976) ("Mitchell-Lama Law"), bars application of the notice and comment requirements under New York City law, N.Y. City Admin.Code Sec. B61.0 a ("Merola Law").[4] We also agree with the district court, 600 F.Supp. at 242-44, that appellants had no valid expectation interest as to the absence of rent increases under the teaching of Perry v. Sindermann, 408 U.S. 593, 599-603, 92 S.Ct. 2694, 2698-2700, 33 L.Ed.2d 570 (1972). There was no practice of not increasing rents, and appellants had no legitimate expectation that the owners would not seek increases. Moreover, the agreement itself does not provide a basis for expecting no increases. We also reject appellants' argument that the HUD decision to require notice and comment--which came out before final HUD approval of the request but after the request was made (and after internal HUD approval of the request)--makes a difference. HUD's new policy can only be interpreted as requiring notice and comment on future submissions. The HUD regulations that were applied to section 223(f) projects under the new policy--now codified at 24 C.F.R. Sec. 245.305-.330--mandate among other things that a landlord notify the tenants thirty days before submitting a request for a rental increase. Application of this provision was impossible in this case, or in any case in which a request had already been submitted.[5]
 
 
 7
 Judgment affirmed.
 
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation
 
 
 [1]
 For a discussion of the section 223(f) refinancing of the housing project involved in the case, see Reiner, 600 F.Supp. at 235-38
 
 
 [2]
 Perhaps Mount Sinai and Caramico can be distinguished. Both cases involved outright eviction, not mere rent increases. In fact, the Caramico court expressly noted this distinction. 509 F.2d at 701
 
 
 [3]
 HUD cites Califano, 430 U.S. at 107, 97 S.Ct. at 985, to support its argument that the APA "does not afford an implied grant of subject-matter jurisdiction." That, of course, is true. HUD fails to note that the Califano Court just as clearly held that Sec. 1331's 1976 amendment, which removed the reference to an amount in controversy requirement in federal question cases, makes the issue irrelevant
 
 
 [4]
 Thus, we need not address whether the Merola Law would by its own terms be applicable to projects administered by HUD or whether the HUD regulations, 24 C.F.R. Sec. 207.32a(k)(1) (1984), block application of the Merola Law
 
 
 [5]
 We may avoid the district court's alternative grounds for finding that the tenants were not deprived of due process--the lack of governmental involvement under Langevin v. Chenango Court, Inc., 447 F.2d 296, 300-01 (2d Cir.1971). But cf. Hahn v. Gottlieb, 430 F.2d 1243, 1248 (1st Cir.1970) (Coffin, J.) relying on legislative/adjudicative distinction to bypass notice and comment procedures in NHA rent increase context)