**Oliver HILL, et al., on behalf of themselves and all other similarly situated, Plaintiffs-Appellants,**

v.

**Calvin OGBURN, in his official capacity as Executive Director of Tallahassee Housing Authority, et al., Defendants-Appellees.**

**Mae Helen JACKSON, Sylvia Rowe, Mildred Tarver and Diane Pena, individually and on behalf of all others similarly situated, Plaintiffs-Appellants,**

v.

**HOUSING AUTHORITY OF the CITY OF FT. MYERS, Richard Hallan, individually and in his capacity as the Executive Director of the Housing Authority, et al., Defendants-Appellees.**

Nos. 85–3939, 86–3174.

United States Court of Appeals,
Eleventh Circuit.

March 17, 1987.

Paolo G. Annino, Legal Services of North Florida, Inc., Tallahassee, Fla., for plaintiffs-appellants.

Guyte P. McCord, III, MacFarlane, Ferguson, Allison & Kelly, Tallahassee, Fla., (904/224–1215) Brandon Burnett, Dept. of Housing & Urban Development, Atlanta, Ga., for defendants-appellees.

Robert F. Roach, Christine E. Larson, Paolo Annino, Florida Rural Legal Services, Ft. Myers, Fla., for Jackson.

Dwight W. Whigham, Bigelow & Winesett, Ft. Myers, Fla., for Housing Authority of Ft. Myers & HA Com'rs.

Peter B. Loewenberg, Asst. U.S. Atty., Tampa, Fla., Jessica L. Parks, Asst. Regional Counsel, U.S. Dept. of H.U.D., Office, of counsel Atlanta, Ga., for U.S. Dept. of H.U.D.

Before TJOFLAT and HATCHETT, Circuit Judges, and EATON *, Senior District Judge.

TJOFLAT, Circuit Judge:

These consolidated cases involve class actions brought by public housing tenants against their local housing authorities, the United States Department of Housing and Urban Development (HUD), and various federal and local officials. The district courts dismissed the actions for failure to state a claim, see Fed.R.Civ.P. 12(b)(6), and entered judgments for the defendants. While these appeals were pending, the Supreme Court, in *Wright v. City of Roanoke Redevelopment & Hous. Auth.*, — U.S. —, 107 S.Ct. 766, 93 L.Ed.2d 781 (1987), held that public housing tenants may bring an action under 42 U.S.C. § 1983 (1982)[1] for alleged utility overcharges by local housing authorities in violation of the Brooke Amendment to the Housing Act of 1937, Pub.L. No. 91–152, § 213, 83 Stat.

379, 389 (1969) (codified as amended at 42 U.S.C. § 1437a (1982 & Supp. III 1985)), and HUD's implementing regulations. Consequently, we reverse the lower courts' dismissal of plaintiffs' section 1983 claims against the local housing authorities and local officials. We affirm the dismissal of plaintiffs' claims against HUD and individual federal officials.

I.

In *Jackson v. Housing Auth.*, No. 86–3174, the plaintiffs are tenants in a public housing development in Fort Myers, Florida that is owned and operated by the Housing Authority of Fort Myers (HAFM). On September 10, 1982, the plaintiffs brought suit against HAFM and HAFM officials (the local defendants), and against HUD and HUD officials (the federal defendants).

In their complaint, as amended, the *Jackson* plaintiffs set forth several claims for relief: (1) the local defendants failed to establish a utility allowance in compliance with the Housing Act of 1937, 42 U.S.C. §§ 1437–1437q (1982) (Housing Act) and its accompanying HUD regulations; (2) the federal defendants failed to enforce and monitor HAFM's compliance with the Housing Act and HUD regulations; (3) the local and federal defendants breached their duties under the Annual Contributions Contract (ACC)[2] between HAFM and HUD, affecting plaintiffs' rights as third-party beneficiaries; and (4) the local defendants violated plaintiffs' rights under the fourteenth amendment, the Housing Act, and HUD regulations, giving rise to a cause of action under 42 U.S.C. § 1983 (1982). The

---

* Honorable Joe Eaton, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

1. 42 U.S.C. § 1983 (1982) provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the dep-

rivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. This contract provides that the local housing authority will operate its projects in conformity with applicable federal statutes and regulations, and that HUD will defray the capital and operating costs of the housing authority.

district court dismissed all claims pursuant to Fed.R.Civ.P. 12(b)(6).

In *Hill v. Ogburn,* No. 85–3939, the plaintiffs are tenants in public housing owned and operated by the Tallahassee Housing Authority (THA). On January 13, 1984, they brought suit against the THA, THA's executive director, and two HUD officials. Their claims, which are the same as those made by the *Jackson* plaintiffs, were dismissed by the district court pursuant to Fed.R.Civ.P. 12(b)(6). The plaintiffs in both *Jackson* and *Hill* appeal from the rulings of the district courts.

## II.

The Supreme Court's recent decision in *Wright v. City of Roanoke Redevelopment & Hous. Auth.,* — U.S. —, 107 S.Ct. 766, 93 L.Ed.2d 781 (1987), resolves one of the main issues presented in this appeal. In *Wright,* public housing tenants brought suit under 42 U.S.C. § 1983 (1982), alleging that the defendant housing authority overcharged them for their utility services and thus violated the rent ceiling imposed by the Brooke Amendment, Pub.L. No. 91–152, § 213, 83 Stat. 379, 389 (1969) (codified as amended at 42 U.S.C. § 1437a (1982 & Supp. III 1985)). The district court, and the Court of Appeals for the Fourth Circuit, concluded that the plaintiffs did not have a cause of action under section 1983. *Wright,* 605 F.Supp. 532 (W.D.Va.1984), *aff'd,* 771 F.2d 833 (4th Cir.1985), *rev'd,* — U.S. —, 107 S.Ct. 766, 93 L.Ed.2d 781 (1987). The Supreme Court reversed, holding that the Housing Act and the Brooke Amendment confer enforceable rights on public housing tenants and that Congress did not expressly preclude the tenants' section 1983 claim against the local housing authority. In addition, the Court held that Congress did not include a comprehensive enforcement scheme in the Housing Act and thus did not implicitly foreclose relief under section 1983. *Cf. Middlesex County Sewerage Auth. v. National Sea Clam-*

*mers Ass'n,* 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981).

In light of the Supreme Court's decision in *Wright,* we reverse the district courts' dismissal of plaintiffs' section 1983 claims, which are identical to the claim asserted in *Wright.* Given our determination on the section 1983 issue, we need not decide if the plaintiffs have an implied cause of action under the Housing Act. Nor is it necessary to consider plaintiffs' argument that they have enforceable rights as third-party beneficiaries of the ACC contract between HUD and the local housing authorities. The relief plaintiffs seek on the implied cause of action and third-party beneficiary theories is identical to that which they seek under section 1983. Consequently, we leave those claims to be resolved by the district courts should the plaintiffs' section 1983 claims be unsuccessful.

## III.

Although plaintiffs' section 1983 claims against the local authorities properly state claims upon which relief can be granted, we do not believe that plaintiffs are entitled to any relief against HUD and its officials. In their complaints, the plaintiffs sought (1) a declaratory judgment that federal officials had failed to carry out their statutory and contract duties to monitor and enforce federal restrictions on rent and utility charges made by local housing authorities; (2) damages for past overcharges caused by the alleged inaction of federal officials; and (3) an injunction requiring federal officials to monitor and enforce the Housing Act and HUD regulations. The plaintiffs, however, did not allege any basis for the award of damages against the federal defendants.

The relief plaintiffs seek—i.e., the return of excess utility charges and modification of their rental agreement with the local housing authorities to reflect the appropriate utility charges—can only be obtained from the local defendants.[3] The only relief

---

3. The only remedy plaintiffs seek against the federal defendants *is* a coercive order requiring *them* to require the local defendants to provide the relief we describe above. The plaintiffs do not provide any authority supporting the imposition of such an order.

plaintiffs seek against the federal defendants is an injunctive order requiring those defendants to do nothing more than obey the law. The plaintiffs have made no showing that a coercive order against the federal defendants is necessary to remedy the utility overcharges that were made by the local defendants, and they have made no showing that they were or will be harmed by the federal defendants' specific acts, or inaction. Finally, the declaratory judgments sought by plaintiffs would provide no specific or concrete relief against the federal defendants. *Cf. Dixie Elec. Coop. v. Citizens of the State of Alabama,* 789 F.2d 852, 858 (11th Cir.1986). Thus, the district courts properly dismissed the plaintiffs' claims against the federal defendants.[4]

AFFIRMED in part, REVERSED in part, and REMANDED.

---

**4.** In affirming the district court's dismissal of plaintiffs' claims against the federal defendants, we note that no cross-claim is pending in which the local defendants seek reimbursement from HUD of any sums they may be required to pay to the plaintiffs. We express no view on the question whether the local defendants could demonstrate a legal basis for such reimbursement.