**Laverne Annette SMITH, et al., Plaintiffs,**

v.

**WASHINGTON HEIGHTS APARTMENTS, LTD., et al., Defendants.**

**No. 91–8116–CIV.**

United States District Court, S.D. Florida.

July 28, 1992.

Lisa A. Carmona, Florida Rural Legal Services, Inc., Lake Worth, Cathy L. Lucrezi, Florida Rural Legal Services, Inc., Fort Meyers, for plaintiffs.

James G. McAdams, III, acting U.S. Atty., Robert A. Rosenberg and Eileen O'Connor, Asst. U.S. Atty., Fort Lauderdale, and Lynn E. Marsal, Asst. Regional Counsel, U.S. Dept. of Housing and Urban Development, Atlanta, Ga., for U.S.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the federal defendants' Motion To Dismiss, Or In The Alternative, For Summary Judgment.

The plaintiffs are tenants of a privately owned, federally subsidized housing complex. The plaintiffs have brought suit against the partnership which owns the complex, the corporation serving as property manager, the individual on-site property manager, the United States Department of Housing and Urban Development (HUD), and HUD's Secretary Jack Kemp, alleging that various lease provisions and house rules infringe upon their constitutional rights, are in violation of the U.S. Housing Act and the Florida Residential Landlord and Tenant Act, and also constitute a breach of the Housing Assistance Payment agreements entered into between HUD and

the private defendants. Specifically, the plaintiffs claim that the private defendants, with the knowledge, approval, and encouragement of the federal defendants, have maintained rules and policies which restrict the plaintiffs' rights to associate, to live free from unreasonable search and seizure, and to be free from unconstitutional takings.

By prior order dated February 25, 1992, the Court granted in part and denied in part the private defendants' motion to dismiss. The Court dismissed the plaintiffs' claim against the private defendants for violation of the U.S. Housing Act on the ground that the statute provides no private right of action, either express or implied. The Court denied the motion in all other respects.

The plaintiffs have alleged claims against the federal defendants (Jack Kemp and HUD) in counts I, II, III, IV, V, and VI. The federal defendants have moved to dismiss all claims against them or, alternatively, they seek summary judgment. The motion is now ripe. For the reasons explained below, the Court will grant the motion in full.

### APA Count

■ In count I, the plaintiffs have alleged a claim against the federal defendants for violation of the Administrative Procedure Act, 5 U.S.C. §§ 701–706. The plaintiffs allege in their complaint that HUD is responsible for administering the federal housing subsidy program at the subject apartments and, as such, was responsible for overseeing the acts of the private defendants and assuring that they comply with federal law and housing policy. Plaintiffs allege that HUD approved the lease and house rules that violated the plaintiffs' constitutional and statutory rights and acquiesced in the unconstitutional acts.

The federal defendants move to dismiss the count on several grounds. They also move for summary judgment. The Court believes that dismissal is warranted. The plaintiffs' claims for money damages in count I are barred by the express terms of the APA. *See* 5 U.S.C. § 702. Further,

the existence of a remedy in the plaintiffs' favor against the *private* defendants precludes the plaintiffs from seeking declaratory and injunctive relief against the *federal* defendants. *See Gillis v. United States Department of Health and Human Services,* 759 F.2d 565 (6th Cir.1985); *Women's Equity Action League v. Cavazos,* 906 F.2d 742 (D.C.Cir.1990); *Council of & for the Blind v. Regan,* 709 F.2d 1521 (D.C.Cir. 1983). Accordingly, the Court will dismiss Count I.

### Constitutional Claims

Counts II, III, and IV set forth claims for relief for the federal defendants' alleged violation of the first, fourth, and fifth amendments. Each count seeks monetary damages, injunctive relief, and declaratory relief.

In their Response, the plaintiffs concede that they do not seek money damages from the federal defendants in counts II, III, or IV. Accordingly, any claim in counts II, III, or IV for money damages against the federal defendants is properly stricken. Additionally, the Court finds that the plaintiffs claims for injunctive and declaratory relief in counts II, III, and IV fail to state a claim against the federal defendants. *See Hill v. Ogburn,* 812 F.2d 679 (11th Cir. 1987). As a result, the Court will grant the federal defendants' motion with regard to these counts and will dismiss counts II, III, and IV.

### Breach of Third–Party Beneficiary Contract Count

■ Count V of the plaintiffs' complaint alleges a breach of contract claim against the federal defendants. Specifically, the plaintiffs allege that they are third-party beneficiaries of the Housing Assistance Payment (HAP) contract between the private defendants and HUD, which contract allows the private defendants to offer Section 8 rental assistance to its tenants. They argue that the HAP contract requires the defendants to comply with federal regulations and that the "defendants have repeatedly breached these agreements to the detriment or injury of the plaintiffs." The plaintiffs do not allege any *specific* breaching conduct on the part of the *federal*

defendants. They do however allege that the "private defendants have breached the HAP contract by asserting a right to arbitrarily charge the tenants and by employing house rules that are not in accord with HUD regulations and state law."

The federal defendants have moved to dismiss or, in the alternative, for summary judgment on count V. The Court will grant the motion. The Court finds that the plaintiff tenants are not third-party beneficiaries of the HAP contracts entered into between HUD and the private defendants. *See Reiner v. West Village Associates*, 768 F.2d 31 (2d Cir.1985); *Perry v. Housing Authority of Charleston*, 664 F.2d 1210 (4th Cir.1981). The plaintiffs are at best incidental beneficiaries of the HAP contracts. The Court simply does not believe that the parties to the HAP contracts intended for the tenants to have an enforceable right to bring suit under a third party beneficiary theory for the redress of the types of grievances raised in this case. Accordingly, the Court will grant the federal defendants' motion for summary judgment and will dismiss the plaintiffs claims against the federal defendants in count V.

### Housing Act Violations

 In count VI, the plaintiffs allege violations of the U.S. Housing Act, 42 U.S.C. § 1437a. The Court already has dismissed count VI as against the private defendants on the ground that no implied right of action exists under the Housing Act. The same reasoning applies to the plaintiffs' Housing Act claim against the federal defendants. Accordingly, the plaintiffs' claim in count VI against the federal defendants will be dismissed because no implied right of action exists under that statute. *See Edwards v. District of Columbia*, 628 F.Supp. 333 (D.D.C.1985), *aff'd*, 821 F.2d 651 (D.C.Cir.1987); *Perry v. Housing Authority of Charleston*, 664 F.2d 1210 (4th Cir.1981).

Accordingly, having reviewed the motion and the record, and being otherwise duly advised, it is hereby:

ORDERED and ADJUDGED as follows:

(1) The Federal Defendants' Motion To Dismiss, Or In The Alternative, Motion For Summary Judgment is GRANTED. The plaintiffs' claims against the federal defendants in counts I, II, III, IV, V, and VI are DISMISSED.

DONE AND ORDERED.