53 F.3d 333
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Oliver GAVIN, Plaintiff-Appellant,
v.
CHICAGO HOUSING AUTHORITY, et al., Defendants-Appellees.
 No. 93-3252.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 26, 1995.*
Decided May 1, 1995.
 
 Before PELL, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Oliver Gavin, appearing pro se, appeals the district court's denial of his request for leave to proceed in forma pauperis and his motion for appointment of counsel. For the reasons that follow, we affirm.
 
 
 2
 Gavin filed a pro se complaint alleging that the United States Department of Housing and Urban Development (hereinafter "HUD"), the Chicago Housing Authority (hereinafter "CHA"), and the chairman of the CHA and the secretary of HUD failed to comply with the Michigan Boulevard Gardens Apartments dwelling lease, the Housing Quality Standards set forth in 24 CFR 882.109(a)(1), the Chicago Municipal Building Codes, and provisions of the Federal Housing and Community Development Act, in maintaining the Michigan Boulevard Gardens Apartments and breached the Michigan Boulevard Gardens Apartments dwelling lease. Along with his complaint, Gavin filed an application for leave to proceed in forma pauperis together with a motion for appointment of counsel. The district court issued a memorandum opinion and order denying Gavin's application for leave to proceed in forma pauperis and his motion for appointment of counsel. This timely appeal followed.
 
 
 3
 In its order denying Gavin's petition and motion, the district court did not expressly dismiss the action. Although the district court issued a Fed.R.Civ.P. 58 judgment, the judgment does not expressly dismiss the action. Nonetheless, where it is readily apparent that the district court's judgment constitutes a final dismissal of the complaint, an appeal may nonetheless be appropriate. See Otis v. Chicago, 29 F.3d 1159, 1165 (7th Cir.1994) (citing Eberhardt v. O'Malley, 17 F.3d 1023, 1024 (7th Cir.1994); Tobey v. Extrel/JWP, Inc., 985 F.2d 330, 331 (7th Cir.1993); Alpine State Bank v. Ohio Casualty Insurance Co., 941 F.2d 554, 557-59 (7th Cir.1991); Soo Line R.R. v. Escanaba & Lake Superior R.R., 840 F.2d 546, 549 (7th Cir.1988)); Smith-Bey v. Hospital Adm'r, 841 F.2d 751, 756 (7th Cir.1988). Here, although the district court did not expressly state that the complaint was dismissed, it found that Gavin's complaint was, at most, a claim under the Illinois Landlord and Tenant Act and therefore presented no cognizable federal question for review:
 
 
 4
 Gavin's complaint suffers for several reasons. First, he has not included any information regarding the ownership or management of the building, without which we have no way of knowing what, if any, role HUD or the CHA play with respect to Michigan Boulevard Gardens. Next, Gavin neglects to allege whether he is currently receiving public housing assistance, and if so, of what kind. Absent this information, we cannot suppose that any federal legislation is at issue, and that Gavin's complaint should not be brought, more properly, under the Illinois Landlord and Tenant Act.
 
 
 5
 Even if Gavin were able to make such allegations, it is clear that no private right of action exists under the Housing Act. See Smith v. Washington Heights Apartments Ltd., 794 F.Supp. 1141 (S.D.Fla.1992); Edwards v. District of Columbia, 821 F.2d 651 (D.C.Cir.1987); Perry v. Housing Authority of Charleston, 664 F.2d 1210 (4th Cir.1981). Nor are Section 8 tenants considered third-party beneficiaries entitled to bring a cause of action for breach of a contract between HUD and a housing provider. See id. Accordingly, there is no cognizable federal question for our review, and we must deny Gavin leave to proceed in forma pauperis.
 
 
 6
 District Court Memorandum Opinion and Order, R. at 2-3. Since the district court found no conceivable basis to sustain Gavin's cause of action, the district court must have intended to end the litigation.[1] Accordingly, we will proceed with a review of the merits.
 
 
 7
 A district court's denial of a petition to proceed in forma pauperis and dismissal under 28 U.S.C. Sec. 1915(d) is reviewed for an abuse of discretion and will be affirmed where the complaint is frivolous, i.e., when it lacks an arguable basis either in law or in fact. Talley v. Lane, 13 F.3d 1031, 1033 (7th Cir.1994) (citing Denton v. Hernandez, 112 S.Ct. 1728 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989)). On appeal, Gavin concedes that no private cause of action exists under the United States Housing Act. However, he argues that he should be granted leave to amend the complaint to join the Michigan Boulevard Garden Apartments as a defendant. Indeed, "[o]rdinarily, a court should permit a litigant, especially a pro se litigant, an opportunity to amend his complaint before dismissing it for failure to state a claim." Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir.1993) (citing Vanskike v. Peters, 974 F.2d 806, 807 (7th Cir.1992)). However, a dismissal is nonetheless appropriate where " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'...." Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Even if Gavin had been granted leave to amend the complaint to add Michigan Boulevard Apartments as a defendant, he would, at most, have a claim under Illinois landlord and tenant law.[2] This is a matter to be pursued in state, not federal court. Gavin does argue that the Michigan Boulevard Apartments' breach of the implied warranty of habitability undermines the goal of the United States Housing Act, 42 U.S.C. Sec. 1437, et seq., to provide proper housing for all citizens, and that, therefore, he has a cause of action against the Michigan Boulevard Apartments under 42 U.S.C. Sec. 1983. However, Sec. 1983 provides relief only for constitutional violations. Gavin does not demonstrate how undermining the goals of the United States Housing Act violates the United States Constitution.
 
 
 8
 For the foregoing reasons, the district court's order is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant agrees that there is no need for oral argument and appellees have not responded. Accordingly, the appeal is submitted on the briefs and record
 
 
 [1]
 Since the class of litigants which file requests to proceed in forma pauperis are virtually always without counsel, a denial of a request for waiver of fees because the complaint is frivolous, without an express dismissal of the complaint, may prejudice the plaintiff--the plaintiff may think that if he can pay the filing fee, he can maintain the action or that he can amend his complaint. Hence, where this uncertainty would otherwise cause the litigant to forfeit his right to appeal through inadvertence, we have held that the order denying the petitioner's request to proceed in forma pauperis is not considered a final and appealable order. Brekke v. Morrow, 840 F.2d 4, 6 (7th Cir.1988). Since Gavin filed a timely appeal from the district court's order and, therefore, he has not been prejudiced by the district court's failure to expressly dismiss the complaint, the district court's order may be considered final despite our holding in Brekke
 
 
 [2]
 Specifically, that the Michigan Boulevard Gardens Apartments violated Illinois landlord and tenant ordinances and breached the implied warranty of habitability in its lease with Gavin