NEIGHBORHOOD RESEARCH
INSTITUTE, et al.,
Plaintiffs,

v.

CAMPUS PARTNERS FOR COMMU-
NITY URBAN DEVELOPMENT,
et al., Defendants.

No. 02–CV–460.

United States District Court,
S.D. Ohio,
Eastern Division.

Dec. 12, 2002.

Rick Louis Brunner, The Brunner Firm Co., LPA, Columbus, OH, for Plaintiffs.

Roger Philip Sugarman, Loriann E. Fuhrer, Kegler, Brown, Hill & Ritter, Columbus, OH, for Campus Partners for Community Urban Development.

Keith Shumate, Squire, Sanders & Dempsey, Columbus, OH, for Ohio Capital Corp. for Housing.

Joshua T. Cox, Columbus City Attorney's Office, Special Litigation Unit, Columbus, OH, for City of Columbus.

Nick A. Soulas, Jr., Harland Hanna Hale, Franklin County Prosecutor's Office, Columbus, OH, for Mary Jo Kilroy, Arlene Shoemaker, Dewey Stokes.

Mark David Landes, Isaac, Brant, Ledman & Teetor, Columbus, OH, for Lisa Nmi Kessler, Ellen Reid, Judy Nmi Shupe.

## OPINION AND ORDER

MARBLEY, District Judge.

### I. INTRODUCTION

This matter is before the Court on the Defendants' Motion for Rule 11 Sanctions.[1] On August 19, 2002, Defendants Broad Street Management, Inc., Encore, Sandefur Builders, Inc. (General Partner of Encore), Buckeye 77, Medallion Buckeye, Inc., Medallion–Buckeye, Ltd., Citation, Medallion–Citation, Ltd., U.S. # 51, David W. Houze, Sandefur Builders, Inc. (General Partner of Citation), Discovery 76, Medallion–Discovery, Inc., Medallion–Discovery, Ltd., Momentum 75, Polaris, Medallion–Polaris, Inc., Medallion–Polaris, Ltd., Sandalwood, Rehab Unlimited, Rehab Unlimited 74, Medallion–Sandalwood, Ltd. (General Partner of Sandalwood Limited Partnership), Medallion–RU 74, Inc., Odyssey, Medallion–Odyssey, Ltd., Metro I, Medallion–Metro, Inc., Horizon, and Sandefur Builders, Inc. (General Partner) (collectively, "Broad Street Defendants"), filed a Motion for Rule 11 Sanctions against the Plaintiffs and Plaintiffs' attorneys. The Plaintiffs include the Neighborhood Research Institute ("NRI"), which represents residents and an organization of residents of the neighborhood known as Olde Town East, located on the near east side of the City of Columbus, William Shaffer, a resident and homeowner in the near east side of Columbus, and David Fisher d/b/a F & W Properties, who owns properties in the near east side of Columbus.

Based on the following analysis, the Court **DENIES** the Defendants' Motion for Rule 11 Sanctions.

### II. BACKGROUND

The gravamen of the Plaintiffs' Complaint is that they were wrongfully deprived of the opportunity to participate in the Defendants' restructuring of certain section 8 housing[2] in the City of Columbus. Some background on the law pursuant to which the Plaintiffs assert this claim is necessary to understand the basis of the pending Motion for Sanctions.

Section 8 housing assistance is the primary means through which the Department of Housing and Urban Development ("HUD") "aid[s] low-income families in obtaining a decent place to live and ... promot[es] economically mixed housing." 42 U.S.C. § 1437f(a). HUD created the "Mark–to–Market Program," the program through which it conducts section 8 contract renewals and mortgage restructuring pursuant to the requirements of the Multifamily Assisted Housing Reform and Affordability Act of 1997, Pub.L. § 105–65, codified at 42 U.S.C. § 1437f Note ("MAHRA").

Section 514(f) of MAHRA requires the Secretary of HUD to establish procedures to provide an opportunity for residents of affected neighborhoods to participate effectively and on a timely basis in any section 8 restructuring. That provision states, in relevant part:

> The Secretary shall establish procedures to provide an opportunity for tenants of the project, residents of the neighborhood, the local government, and other affected parties to participate effectively and on a timely basis in the restructuring process established by this subtitle.

---

**1.** On August 15, 2002, the Plaintiffs and the Broad Street Defendants filed a Joint Motion to Schedule a Status Conference. As was set forth in the Motion, the purported purpose of the Status Conference was to discuss the merits of the Plaintiffs' Complaint and Defendants' then-pending Motion to Dismiss, and the potential effect it may have on any Motion for Rule 11 Sanctions. Before this Court ruled on the Motion for a Status Conference, however, on August 19, 2002, the Defendants filed their Motion for Rule 11 Sanctions. Because the purpose of the

status conference was to determine the propriety of the Motion for Rule 11 Sanctions, the filing of that Motion made the status conference unnecessary. Therefore, the Court **DENIES** the Joint Motion to Schedule a Status Conference as moot.

**2.** "Section 8 housing" refers to low-income housing that is governed by section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f (Supp. V 1999), and which receives government assistance pursuant to that statute.

MAHRA § 514(f). Pursuant to that mandate, HUD developed regulations requiring the participating administrative entity ("PAE") to solicit comments on a restructuring plan from local community residents. 24 C.F.R. § 401.500(a).[3]

Defendant Broad Street Management, Inc. ("Broad Street") manages section 8 low-income housing through contracts with the Secretary of HUD. The Plaintiffs assert that a number of the properties managed by Broad Street and its related entities (the "Broad Street Defendants," as designated above) are located within an area of Columbus known as the University District, which encompasses an area in and around The Ohio State University. Because the contracts between the Broad Street Defendants and HUD will expire some time in the near future, the Broad Street Defendants have drafted a plan to renew their contracts with HUD, and to restructure the properties they operate under section 8.

In conjunction with this plan, Defendant Campus Partners is currently engaging in a project to revitalize the University District by improving the housing and commercial properties located in that area of Columbus. According to the Plaintiffs, Campus Partners is demolishing a number of buildings and other structures within the University District to achieve the goals of its project. The Plaintiffs allege that, as part of its project, Campus Partners intends to demolish the low-income housing that currently exists within the University District, and disperse such low-income housing into other areas of Columbus, including the near east side of Columbus, an area referred to as "Olde Town East."

In light of this plan, counsel for Plaintiff NRI wrote a letter to Mr. Leonard Clark at HUD's Office of Multifamily Housing Assistance Restructuring ("OMHAR"), objecting to Broad Street's proposal for plans to restructure section 8 housing developments. Through the letter, NRI requested that the restructuring plan proposed by Broad Street be stayed until the members of NRI had an opportunity to be heard through a formal objection process. The response received by NRI indicated that OMHAR was confident that NRI's concerns had been addressed, but that, regardless, no formal appeals procedure or objection mechanism existed for parties such as NRI who did not own section 8 housing subject to the restructuring decisions made by HUD.

The Plaintiffs filed a Complaint with this Court on May 10, 2002, asserting that NRI "and its membership have significant concerns that the result of the restructuring will be the continued overconcentration of low-income housing in the near east neighborhood and the neglect in the near east neighborhoods in favor of the university district restructuring currently being undertaken by Defendant Campus Partners." Through the Complaint, the Plaintiffs seek declaratory relief, including a declaration from the Court that HUD may not continue to process the Defendants' request for restructuring of the mortgage debts on the multifamily housing projects that they own pursuant to MAHRA until HUD has provided the Plaintiffs with certain information and an opportunity to comment on the proposed restructuring. The Complaint is based on the Plaintiffs' assertion that MAHRA § 514(f) and 24 C.F.R. § 401.500(a) provide them with the right to participate in the section 8 restructuring process.

On November 26, 2002, this Court granted the Broad Street Defendants' Motion to Dismiss the Plaintiffs' claims against them.[4] The Court's ruling rested on the conclusion that the statutory provisions relied on by the Plaintiffs, MAHRA § 514(f) and 24 C.F.R.

---

**3.** The regulation states, in pertinent part:
 (a) General. The PAE must solicit, and document the consideration of, tenant and local community comments. As a minimum, the notices described in paragraphs (b), (c) and (f) of this section, in form and substance acceptable to HUD, must be provided. The PAE may require the owner to give the notices if permitted by HUD.

**4.** The Court also granted the Motions to Dismiss of Defendant Secretary of Housing and Urban Development and Defendants James D. Ward, Deborah Martin, and Donald E. Wuertz, the Delaware County Commissioners. These Defendants have not filed a Motion for Rule 11 Sanctions against Plaintiffs.

§ 401.500, impose no obligations on the Broad Street Defendants that could have resulted in the Plaintiffs' alleged harm. The Court also found that no private right of action exists under the MAHRA.

This matter is now before the Court on the Broad Street Defendants' Motion for Rule 11 Sanctions.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 11 provides that, when a motion is submitted, a party or counsel represents to the court that:

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; ....

FED. R. CIV. P. 11(b)(1)-(3).

Rule 11 was adopted to "require litigants to 'stop-and-think' before initially making legal or factual contentions." FED. R. CIV. P. 11 advisory committee notes (1993 Amendments). The focus of the rule is narrow, concerned only with whether the attorney believes "on the basis of reasonable inquiry that there is a reasonable basis in law and fact for the position taken and that the paper is not filed for an improper purpose" at the time that the paper is signed. *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir.1989).

If the Court determines that Rule 11(b) has been violated, the Court may impose appropriate sanctions on the attorneys or parties who violated the Rule or are responsible for the violation. *See* FED. R. CIV. P. 11(c). The standard for determining whether to impose sanctions is one of objec-

tive reasonableness. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir.2002) (recognizing that "the imposition of Rule 11 sanctions requires a showing of 'objectively unreasonable conduct'") (quoting *United States v. Kouri–Perez*, 187 F.3d 1, 8 (1st Cir.1999)); *Union Planters Bank v. L & J Development Co., Inc.*, 115 F.3d 378, 384 (6th Cir.1997) (finding that the test for the imposition of Rule 11 sanctions is "whether the individual's conduct was reasonable under the circumstances") (citation omitted). The objective reasonableness standard has been adopted "to eliminate any 'empty-head pure-heart' justification for patently frivolous arguments." FED. R. CIV. P. 11 advisory committee notes (1993 Amendments). Relevant factors for determining whether the attorney acted reasonably include: " 'the time available to the signor for investigation; whether the signor had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether the signor depended on forwarding counsel or another member of the bar.' " *Davis v. Crush*, 862 F.2d 84, 88 (6th Cir.1988) (quoting *Century Products, Inc. v. Sutter*, 837 F.2d 247, 250–51 (6th Cir.1988)).

## IV. ANALYSIS

### A. Legal Basis for Claim

The Broad Street Defendants contend that sanctions are proper because the Plaintiffs' claims were not supported by any plausible argument under existing law or by any nonfrivolous argument for the extension, modification or reversal of an existing law, or the establishment of a new law. In particular, they assert that it is clear that no private right of action exists under MAHRA, the statute pursuant to which the Plaintiffs brought their claims. *See Banks v. Dallas Housing Authority*, 271 F.3d 605 (5th Cir. 2001) (holding that no private right of action exists for tenants of a section 8 project); *Smith v. Washington Heights Apartments Ltd.*, 794 F.Supp. 1141 (S.D.Fla.1992) (dismissing one count of the plaintiffs' complaint on the ground that no implied right of action

exists under the Housing Act, 42 U.S.C. § 1437). In addition, the Defendants claim that the Plaintiffs' Complaint was not supported by a non-frivolous argument for the modification or reversal of that existing federal law, as the legislative history of MAHRA plainly reveals that it was not intended to create a private cause of action for parties such as the Plaintiffs, who merely "have concerns" about the concentration of low income housing in their neighborhood.

 This Court will not impose sanctions on the Plaintiffs for asserting claims contrary to existing law when the only existing law comes from jurisdictions whose precedent is not binding on the Court. No precedent, either from the Sixth Circuit or the Supreme Court, clearly establishes that the Plaintiffs have no private right of action under MAHRA. Although this Court concluded that the Defendants' position was correct, the Plaintiffs should not be sanctioned under these circumstances. As the Seventh Circuit stated in *Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co., Inc.*, 8 F.3d 441 (7th Cir. 1993), "[a]lthough we disagree with [the Plaintiff's] interpretation of [the statute], its argument was not contrary to existing circuit precedent and therefore was not sanctionable as a matter of law." *Id.* at 449. The Plaintiffs' claims were not contrary to existing Sixth Circuit or Supreme Court precedent, and therefore are not sanctionable as a matter of law.

Furthermore, the Plaintiffs did not frivolously argue for this Court to reject other jurisdictions' conclusion regarding the lack of a private right of action under MAHRA. Indeed, the Plaintiffs had some support for their position by virtue of the fact that the Supreme Court has concluded that another provision of the Housing Act provides certain individuals with a private right of action. *See Wright v. City of Roanoke Redevelopment and Housing Auth.*, 479 U.S. 418, 424–30, 107 S.Ct. 766, 93 L.Ed.2d 781 (1987) (recognizing that tenants of low-income housing covered by the Housing Act have a private right of action under 42 U.S.C. § 1437a, which determines the tenants' rent and utility allowances). Although this Court ultimately was not persuaded that a private

right of action under § 1437a necessarily indicates that a private right of action exists under § 1437f, the Court cannot conclude that such an argument is frivolous. *See Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc.*, 186 F.3d 157, 167 (2d Cir.1999) (determining that " 'to constitute a frivolous legal position for purposes of Rule 11 sanction, it must be clear under existing precedents that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands' ") (quoting *Mareno v. Rowe*, 910 F.2d 1043 (2d Cir. 1990)).

Therefore, the Court **DENIES** the Defendants' Motion for Sanctions on the ground that the Plaintiffs lacked a legal basis for the claims asserted in their Complaint.

**B. Legal Basis for Asserting Standing**

 The Defendants also argue that sanctions are warranted because the Plaintiffs had no legal basis for asserting that they had standing to bring their claims. In particular, they claim that the Plaintiffs had no plausible basis for asserting standing because they did not suffer an injury-in-fact, as is required by *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), but merely "had concerns" about the future of low-income housing in their neighborhood.

Although the Court did not address the standing issue in its prior opinion and order, the Court finds that the Plaintiffs had a non-frivolous basis for asserting standing. Despite the Defendants' position that the only "injury" asserted by the Plaintiffs is there concern about what may happen in the future, the Plaintiffs contend that they have already suffered actual harm by virtue of the fact that they were denied the opportunity to participate in the section 8 housing restructuring process. They assert that their Complaint is based not on the injury they may suffer in the future as a result of the restructuring process, but on the denial of their due process right to participate in that process. Without deciding whether the Plaintiffs are correct that the denial of the opportunity to participate in the restructuring process constitutes an injury-in-fact, the Court finds that, at the very least, it constitutes a non-

frivolous basis for asserting an injury sufficient to confer standing upon them, particularly in light of the fact that MAHRA § 514 and 24 C.F.R. § 401.500 indicate that HUD must establish procedures for residents of an affected neighborhood to participate in the restructuring process.

Therefore, the Court **DENIES** the Defendants' Motion for Rule 11 sanctions on the ground that the Plaintiffs lacked a legal basis for asserting standing.

### C. Motive

■ Finally, the Defendants argue that Rule 11 sanctions are warranted because the Plaintiffs had an improper motive in filing this lawsuit. They assert that the Plaintiffs filed their Complaint not to vindicate their legal rights, but simply to harass the Defendants, and to delay the refunding and remortgaging of section 8 housing. The Defendants also contend that the Plaintiffs' ultimate goal in filing their lawsuit was to push existing low-income housing out of their community.

Despite their bald accusations, the Defendants have failed to present any evidence of an improper motive on behalf of the Plaintiffs. Moreover, they have failed to point to a single sentence in either the Plaintiffs' Complaint or any of their other pleadings indicating that their claims related to section 8 housing that already existed in their neighborhood. In the absence of such evidence, the Court will not presume that the Plaintiffs filed a Complaint in federal court with the nefarious motives alleged by the Defendants.

Accordingly, the Court **DENIES** the Defendants' Motion to impose Rule 11 sanctions on the ground that the Plaintiffs acted with an improper motive.

### V. CONCLUSION

Based on the foregoing analysis, the Court **DENIES** the Defendants' Motion for Rule 11 Sanctions.

**IT IS SO ORDERED.**