OPINION OF THE COURT
Martin B. Stecher, J.
The petitioner (CPLR art 78) seeks to compel the "New York City Housing Authority to accept and place petitioner in public housing forthwith, or, alternatively, ordering it to process petitioner’s application on a priority basis without regard to the medical disability of his wife.” The petitioner also seeks to stay respondent Hector Lopez, plaintiffs present landlord, from evicting plaintiff and the plaintiffs family from their present apartment.
The respondent Lopez, against whom no real relief is sought *392 other than interim relief, brought a summary proceeding to remove the petitioner from the two-family house in which the petitioner and the respondent Lopez reside. The eviction was stayed six months under the agreement of the petitioner not to seek additional time. The petitioner is seeking additional time for the reasons hereafter set forth.
Petitioner is seeking public housing. The respondent chairman of the New York City Housing Authority has requested as part of its information "the medical records of petitioner’s wife.” It is undisputed that the petitioner’s wife is suffering from a serious mental disorder.
The objection on the part of the petitioner to providing such information is that it violates his civil rights; that the Housing Authority has no right to exclude him from such housing by virtue of such a disability and, therefore, the Housing Authority has no right to inquire into such disability. The petitioner relies on the provisions of 29 USC § 794 and section 296 of the Executive Law (the Human Rights Law).
The petition is denied and dismissed.
The statutes referred to unquestionably make it unlawful discrimination for the Housing Authority to exclude a prospective tenant by virtue of the fact that the person has a disability. The very Federal regulations, however, on which the petitioner relies (24 CFR 960.204) directs the agency to promulgate policies and procedures which shall on the one hand "preclude admission of applicants whose habits and practices reasonably may be expected to have a detrimental effect on the tenants or the project environment”; and on the other be in compliance with State, local and Federal laws and regulations and "[n]ot automatically deny admission to a particular group or category of otherwise eligible applicants” (24 CFR 960.204 [b] [2]; [c] [1]).
It is incumbent upon the Authority to make an investigation of the people it is about to admit to the project. It may not exclude the Custodio family by reason of the fact that Mrs. Custodio suffers a mental illness. It may, however, be obligated to exclude her if her conduct is such as will cause substantial disturbance to the other tenants in the Housing Authority project.
Making inquiry is not equivalent to exclusion. In that sense, the application of the petitioner is premature. The Housing Authority has the right and, indeed, the obligation to know whether the people it is about to admit can meet the stan *393 darás of conduct reasonably to be expected of tenants; and the inquiry is reasonably related to such investigation and, accordingly, the petition must be denied.
As to the rights of the respondent Lopez, the temporary restraining order heretofore issued will continue to not later than January 31, 1988, conditioned upon payment by Mr. Custodio of use and occupancy of $350 per month on or before the 10th day of December and the 10th day of January.