Charles TALLEY, Jr., Plaintiff–
Appellant,

v.

Vincent LANE, et al., Defendants–
Appellees.

No. 91–2038.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 14, 1993.

Decided Jan. 5, 1994.

Before CUMMINGS, BAUER and RIPPLE, Circuit Judges.

BAUER, Circuit Judge.

Charles Talley brought suit in the federal district court alleging that the Chicago Housing Authority ("CHA") denied his housing application in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, and 1988; and the Fifth and Fourteenth Amendments. The district court, *sua sponte*, denied his petition to proceed in forma pauperis without explanation and dismissed the complaint pursuant to 28 U.S.C. § 1915(d).[1] Talley appealed, and requested leave to proceed in forma pauperis on appeal. The district court denied the petition, explaining that it was apparent that the denial of his housing application was based upon his extensive criminal record. We granted Talley leave to proceed in forma pauperis on appeal, and now affirm.

## I.

Talley was approved for Supplemental Security Income in April 1987 based upon a diagnosis of statutory blindness caused by bilateral cataracts. Thereafter, Talley was convicted and imprisoned for possession of cocaine and the unlawful use of a weapon. After his release, he reapplied for Supplemental Security Income and was approved in November 1989 based upon a primary diagnosis of alcohol addiction and a secondary diagnosis of drug addiction. Talley contends that his arrests and convictions are related to his disabilities and were taken into consideration in the decision to grant him disability status.

In August 1990, the CHA denied Talley's application for disability housing because he did not meet its "standards of desirability" due to his arrest and conviction record dating back to 1970.[2] Talley received notice that he

James A. Morsch (argued), Vedder, Price, Kaufman & Kammholz, Chicago, IL, for plaintiff-appellant.

Donald Hubert (argued), Terri Smith, Chicago, IL, for defendants-appellees.

---

1. Section 1915(d) states:
 The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or is satisfied that the action is frivolous or malicious.

2. According to the CHA, Talley had been convicted of theft, rape, possession of burglary tools, possession of cocaine and unlawful use of a weapon. In addition, it listed warrants for robbery and armed robbery.

could challenge the CHA's determination at an informal hearing where he could present evidence and have an attorney present. He attended this hearing in October 1990 and was again denied housing. He was told that no other grievance procedure was available. Thereafter, Talley filed this suit against the CHA, alleging discriminatory tenant selection practices.

## II.

 We review a dismissal under § 1915(d) for an abuse of discretion. *Denton v. Hernandez,* —— U.S. ——, ——, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992). Frivolous claims are those that have no arguable basis in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989); *Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir.1993). The threshold is a low one, for complaints that fail to state a claim under Federal Rule of Civil Procedure 12(b)(6) may nonetheless have an arguable basis in law, and are not considered frivolous. *Neitzke,* 490 U.S. at 331, 109 S.Ct. at 1834. Conversely, courts have the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton,* —— U.S. at ——, 112 S.Ct. at 1733. Appropriate considerations for this court on review of a § 1915(d) dismissal are whether the plaintiff was *pro se,* whether the district court appropriately resolved genuine issues of disputed fact, whether it applied correct legal conclusions, whether it provided a statement explaining the dismissal, and whether the dismissal was with prejudice. *Id.*

 Talley contends that by failing to give any explanation for the dismissal the district court per se abused its discretion. District courts should provide reasons for § 1915(d) dismissals where the basis of the decision is not evident on the face of the complaint. *Jones v. Morris,* 777 F.2d 1277, 1281 (7th Cir.1985). Failure to do so constitutes an abuse of discretion. *Howland v. Kilquist,* 833 F.2d 639, 646 (7th Cir.1987). In this case, the district court may have abused its discretion by failing to explain the dismissal of the numerous statutory and con-

stitutional violations Talley alleged. However, a remand is unnecessary because we find upon review that Talley's complaint was frivolous; thus, the district court's failure to explain was harmless error. *Barnhill v. Doiron,* 958 F.2d 200, 202 (7th Cir.1992); *Howland,* 833 F.2d at 646.

### A. Allegations in the Complaint

Talley argues that his complaint should be liberally construed to allege that he was discriminated against because of his disabilities and his criminal record. He contends that the CHA's reliance on his criminal record was a pretext for the denial of his application, and that the reason for its decision was his handicapped status.

 To insure that *pro se* complaints are given fair and meaningful consideration, they are liberally construed however inartfully pleaded. *Castillo,* 990 F.2d at 306; *Ricketts v. Midwest Nat'l Bank,* 874 F.2d 1177, 1183 (7th Cir.1989). Yet, the district court is not required to bring issues not raised to the attention of the *pro se* litigant or to decide them. *Caruth v. Pinkney,* 683 F.2d 1044, 1050 (7th Cir.1982), *cert. denied,* 459 U.S. 1214, 103 S.Ct. 1212, 75 L.Ed.2d 451 (1983); *see also Gregory v. United States/United States Bankruptcy Court,* 942 F.2d 1498, 1500 (10th Cir.1991) (complaint lacks legal and factual specificity to state a recognized claim), *cert. denied,* —— U.S. ——, 112 S.Ct. 2276, 119 L.Ed.2d 202 (1992); *Guy v. Swift & Co.,* 612 F.2d 383, 385 (8th Cir.1980) (although *pro se* civil rights pleadings should be liberally construed, they must still state a claim as a matter of law).

In *Caruth,* the plaintiff alleged in his complaint that his punishment for the unauthorized use of a photocopy machine in the prison to copy a Ku Klux Klan application was merely a pretext, and that he was really being punished for informing outsiders about the Klan's activities. 683 F.2d at 1047. On appeal, he argued that he had implicitly challenged the constitutionality of the prison's photocopying policy and that the district court had a duty to address this issue. *Id.* at 1050. This court concluded that the crux of plaintiff's allegations did not involve the First

Amendment and the district court was correct in not considering it. *Id.* at 1051. Conversely, in *Castillo,* this court held that the plaintiff stated a nonfrivolous legal claim even though he failed to designate a suable entity as defendant. Because the error was easily corrected, the district court· should have granted leave to amend the complaint. 990 F.2d at 307.

■ Talley's complaint asserted only that he was denied housing based upon his past criminal conduct. In paragraph 13, he alleges that the CHA denied him due process by rejecting his housing application on the basis of arrests not resulting in convictions. In paragraphs 14, 15 and 20, he contends that he was denied equal protection of the law and due process because ex-convicts and parolees were treated differently from "other disable [sic] applicants similarily situated without arrest/conviction." Talley never stated that he was denied housing because of his disabilities, and thus his case is further removed than *Caruth* because he asks this court to recognize an issue that was not even remotely raised in his complaint. Consequently, we must address only whether Talley's claim of being unlawfully discriminated against based on his criminal record has any arguable basis in law.

### B. Fair Housing Act and Rehabilitation Act

■ Under both the Fair Housing Act,[3] 42 U.S.C. § 3604, and the Rehabilitation Act,[4] 29 U.S.C. § 794(a), the plaintiff must allege discrimination based on his handicap. Yet, Talley contends only that his application to the CHA's disabled housing program was denied because of his past criminal conduct. Federally subsidized housing programs may establish tenant selection criteria to deter-

mine whether an applicant is qualified for a dwelling available only to persons with handicaps as long as these criteria are applied to all applicants. 24 C.F.R. § 100.202(c)(2); *see also Custodio v. Popolizio,* 139 Misc.2d 391, 527 N.Y.S.2d 333 (N.Y.Sup.Ct.1987), *aff'd,* 138 A.D.2d 270, 526 N.Y.S.2d 392 (1988). The Fair Housing Act does not require that a dwelling be rented to an individual who would constitute a direct threat to the health and safety of other individuals or whose tenancy would result in substantial physical damage to the property of others. 42 U.S.C. § 3604(f)(9); 24 C.F.R. § 100.202(d). Thus, it is within the CHA's discretion to find that individuals with a history of convictions for property and assaultive crimes would be a direct threat to other tenants and to deny their applications.[5] Such factors are also legitimate considerations under the Rehabilitation Act that prohibits discrimination based on handicap against an *otherwise qualified individual.* Since Talley did not meet the CHA's requirements, he was not an "otherwise qualified individual". Thus, because consideration of an applicant's criminal record is not forbidden under both the Fair Housing Act and the Rehabilitation Act, Talley's claim based on these statutes has no arguable basis in law.

### C. Equal Protection

■ Talley's allegation that the CHA knowingly and willfully denied his application based upon his membership in a particular class raises a claim with an arguable basis in law. *See New· Burnham Prairie Homes, Inc. v. Village of Burnham,* 910 F.2d 1474, 1481 (7th Cir.1990). However, because ex-convicts are not a suspect class, the CHA's tenant selection standards are subject to a rational basis analysis. *DeSalle v. Wright,*

---

3. "[I]t shall be unlawful ... [t]o discriminate in the sale or rental ... [of] a dwelling to any buyer or renter because of a handicap." 42 U.S.C. § 3604(f)(1).

4. "No otherwise qualified individual with a disability in the United States, ... shall, solely by reason of her or his disability, be ... denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...." 29 U.S.C. § 794(a).

5. Under 24 C.F.R. § 960.205(b)(3), public housing agencies may request information pertaining to the applicant's history of criminal activity involving crimes of physical violence to persons or property. Because the complaint does not adequately describe the housing program in question, we are unable to determine whether this particular regulation applies since it does exclude several programs where the owners of the dwellings enter into leases directly with the tenants. 24 C.F.R. § 960.202.

969 F.2d 273, 275 (7th Cir.1992). Talley states in his complaint that he was convicted of possession of cocaine and the unlawful use of a weapon. There is a legitimate state interest in providing a safe living environment for handicapped individuals. The exclusion of applicants with criminal records exhibiting previous violent conduct is rationally related to this goal. Indeed, the Fair Housing Act states that an individual may refuse to rent to an applicant that would pose a health or safety risk. 42 U.S.C. § 3604(f)(9). Thus, we do not find that the district court abused its discretion in dismissing this claim because there does not seem to be any rational basis in fact or in law to overcome the presumption of rationality of the CHA's standards. *Wroblewski v. City of Washburn,* 965 F.2d 452, 460 (7th Cir.1992). Although Talley asserts in his brief that the CHA discriminates against applicants with criminal records *and* disabilities, he did not allege this claim in his complaint.

### D. Due Process

To establish a due process violation, Talley must have a property interest in the CHA's subsidized housing program for the disabled. *Cornelius v. La Croix,* 838 F.2d 207, 210 (7th Cir.1988). "[A] legitimate claim of entitlement is created only when the statutes or regulations in question establish a framework of factual conditions delimiting entitlements which are capable of being explored at a due process hearing." *Eidson v. Pierce,* 745 F.2d 453, 459–60 (7th Cir.1984). In *Eidson,* this court held that applicants for housing subsidized under Section 8 of the United States Housing Act, 42 U.S.C. § 1437(f), did not have a property interest because the landlords were not constrained by any legal criteria in the tenant selection process. *Id.* at 462. Although the statute and regulations suggested relevant information, the final decision was left to the landlord's discretion. *Id.* *Cf. DeTomaso v. McGinnis,* 970 F.2d 211, 213 (7th Cir.1992) (inmate did not have a property or liberty interest in work release because the regulations did not limit the state correctional system's discretion in granting release).

Although the CHA may not deny an application for federally subsidized housing on the basis of race, color, religion, sex, handicap, familial status or national origin, 42 U.S.C. § 3604, it otherwise has the authority to establish its own tenant selection criteria. Thus, the determination that Talley is an undesirable applicant because of his extensive criminal record is a discretionary decision. Because Talley's attempt to find a property interest in CHA housing would be frivolous, the district court's dismissal of Talley's due process claim was appropriate.

### E. Civil Rights Act

Talley's civil rights claims properly were dismissed as frivolous because he fails to present any factual allegations to support them. Sections 1981 and 1982 provide relief against discrimination based on race. Nowhere in his complaint does Talley specify his race or allege that his housing application was denied based on his race. To succeed on his remaining civil rights claims, Talley must establish the deprivation of any right, privilege, or immunity secured by the Constitution or the laws of the United States. 42 U.S.C. §§ 1983, 1985, 1986, 1988. Because Talley has failed to state a single nonfrivolous constitutional or statutory claim, these allegations have no arguable basis in fact or law.

### III.

We cannot envision a single argument in fact or law to support Talley's claim of housing discrimination based on the statutory and constitutional violations alleged. Consequently, a remand to the district court for its failure to provide an explanation for its decision is unnecessary. Accordingly, we AFFIRM the dismissal of Talley's complaint.