21 F.3d 430
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Edward GAVIN, Plaintiff-Appellant,
v.
Kym AMMONS, et al., Defendants-Appellees.
 No. 92-3545.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 5, 1994.*
Decided April 6, 1994.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Edward Gavin, currently an inmate at the Menard Correctional Center in Illinois, filed this civil rights action alleging that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. 42 U.S.C. Sec. 1983. Specifically, Gavin claims that defendants Guy and Brown, employees at the Danville Correctional Center ("Danville"), pulled his hair and threatened to kill him as they were transferring him to another institution the day after Gavin allegedly sexually assaulted Kym Ammons, a vocational administrator at Danville. Gavin also contends that Ammons used excessive force when she bit Gavin's lip to flee from his grasp, and that he was denied medical attention for his lip. Following notice and an order to show cause, the district court dismissed Gavin's complaint sua sponte for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Gavin appeals.
 
 
 2
 We review a motion to dismiss de novo, Kelly v. City of Chicago, 4 F.3d 509, 511 (7th Cir.1993), accepting the allegations in the complaint as true and drawing all reasonable inferences in the light most favorable to the plaintiff. Triad Associates, Inc. v. Robinson, 10 F.3d 492, 495 (7th Cir.1993). A pro se complaint will be liberally construed. Talley v. Lane, 13 F.3d 1031, 1033 (7th Cir.1994).
 
 
 3
 The Eighth Amendment forbids the wanton and unnecessary infliction of pain upon prisoners. Whitley v. Albers, 475 U.S. 312, 319 (1986). When a prison official is charged with using excessive force against an inmate, we must determine whether the officials maliciously and sadistically applied force to cause harm. Id. at 320. Although the inmate need not suffer significant injury to establish a constitutional violation, de minimis uses of physical force are not actionable under Sec. 1983. Hudson v. McMillian, 112 S.Ct. 995, 1000 (1992) (although not every malevolent touch by a prison guard states a valid constitutional claim, blows which caused bruises, swelling, loosened teeth, and a cracked dental plate were not de minimis for purposes of the Eighth Amendment).
 
 
 4
 Even though there is no evidence in this case that Guy needed to pull Gavin's hair to maintain or restore discipline during the transfer, the use of force was de minimis and not of a sort that would be considered "repugnant to mankind." Id. Brown's verbal threats are also not enough to establish a federal constitutional claim. See Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir.1987) (although unprofessional and inexcusable, racially derogatory remarks did not support a constitutional claim). See also McDowell v. Jones, 990 F.2d 433, 434 (8th Cir.1993) (verbal threats and name calling directed at inmate not actionable under Sec. 1983). Gavin alleges that Brown called him names, warned him that he should be placed in the protective custody unit wherever he went because Gavin was going to "catch hell," and that one day his head would be brought to Brown on a silver platter. In addition, Brown stated that one day he "would be in a position to kill" Gavin.
 
 
 5
 In his Hudson concurrence, Justice Blackmun recognized that psychological pain, if not de minimis, could state an Eighth Amendment claim. Hudson, 112 S.Ct. at 1004 (Blackmun, J., concurring). As an example, he cited a case where the guard placed a revolver in an inmate's mouth and threatened to blow his head off. Id. (citing Wisniewski v. Kennard, 901 F.2d 1276, 1277 (5th Cir.), cert. denied, 498 U.S. 926 (1990)). See also Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir.1992) (reversal of the district court's grant of a motion to dismiss where correctional officers surprised inmate, placed a revolver to his head, and threatened to kill him). Here, however, Gavin does not allege the presence of a drawn weapon or other sign of force from which one could reasonably infer that he suffered "the terror of instant and unexpected death" or serious injury. Northington, 973 F.2d at 1524 (quoting Burton v. Livingston, 791 F.2d 97, 100 (8th Cir.1986)). And even though Gavin did not file his complaint until one year after the incident, he does not allege any facts to suggest that Brown has since engaged in retaliatory action that has put Gavin's life in danger. Under these circumstances, the behavior of Brown and Guy is not egregious enough to state a claim under the Eighth Amendment.
 
 
 6
 The complaint may also be construed to allege a claim against Ammons for biting Gavin as she attempted to escape during the assault. The defendants argue on appeal that the district court lacked personal jurisdiction over Ammons because she was never served with a summons and the complaint. Indeed, the record indicates that the United States marshals attempted but were unable to serve Ammons pursuant to Federal Rule of Civil Procedure 4(c)(2)(B)(i), and none of the defendants ever appeared in court. Gavin freely admits as much in his appellate brief. Thus, we dismiss the allegations against Ammons for lack of personal jurisdiction due to the failure of service of process, and do not reach the merits of the claim. Audio Enterprises, Inc. v. B & W Loudspeakers, 957 F.2d 406, 409 n. 5, 410 (7th Cir.1992).
 
 
 7
 Finally, Gavin alleges that he did not receive any medical treatment for his lip injury. His complaint, however, is insufficient to state a claim in two respects. First, even accepting Gavin's allegations as true, he has failed to link any of the defendants with the denial of medical treatment.[1] "[A]n individual cannot be held liable in a Sec. 1983 action unless he caused or participated in an alleged constitutional deprivation." Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir.1993) (quoting Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir.1983)). Second, to establish an Eighth Amendment violation, Gavin must show that the defendants were deliberately indifferent to his serious medical needs. Helling v. McKinney, 113 S.Ct. 2475, 2480 (1993). Yet, Gavin does not contend to have suffered any immediate pain or long-term effects as a result of his injury. Indeed, he has not provided any description of his injury to suggest that he had a serious need for medical attention. Without alleging additional facts, we cannot infer that a bite on the lip results in so serious an injury that medical attention is required, particularly where the bite was inflicted in an attempt to escape Gavin's grasp. As a result, Gavin has failed to state allegations sufficient to support the objective component of an Eighth Amendment claim. Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991).
 
 
 8
 For the foregoing reasons, we AFFIRM the district court's order.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Plaintiff-Appellant submitted such a statement. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied, and the appeal is submitted on the briefs and the record
 
 
 [1]
 Although Gavin does not indicate whether he is suing the defendants in their individual and/or official capacities, the omission is irrelevant since his claim fails under both scenarios. Whereas proof of personal involvement is unnecessary in an official capacity suit, the claimant must still allege facts sufficient to establish that the defendants acted under a governmental custom or policy that violated the plaintiff's rights. Wolf-Lillie, 699 F.2d at 870. Liberally construing Gavin's complaint, we cannot reasonably infer such an allegation