42 F.3d 1392
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James W. TREPTOW, Plaintiff/Appellant,
v.
Billy PICKERING, Lieutenant, Patti Wilson, and Alan L.
Frentzel, Defendants/Appellees.
 No. 93-1682.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 3, 1994.*
Decided Nov. 30, 1994.
 
 Before PELL, Jr., COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 In 1991, James W. Treptow, an inmate confined at Menard Correctional Center in Menard, Illinois, was disciplined for insolence. As punishment, Treptow was removed from the honor dorm, lost his job as a dorm runner, and received a verbal reprimand. Treptow filed this civil rights action, pursuant to 42 U.S.C. Sec. 1983, alleging violations of his constitutional rights. The district court denied Treptow's motion to proceed in forma pauperis and dismissed his complaint as frivolous under 28 U.S.C. Sec. 1915(d). Upon leave of the district court, Treptow filed an amended complaint, which the court dismissed as frivolous. Treptow appeals. We affirm.
 
 
 2
 A district court may dismiss a complaint brought in forma pauperis if its factual allegations and legal conclusions lack an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). For legal conclusions, "[t]he threshold is a low one, for complaints that fail to state a claim under Federal Rule of Civil Procedure 12(b)(6) may nonetheless have an arguable basis in law, and are not considered frivolous." Talley v. Lane, 13 F.3d 1031, 1033 (7th Cir.1994) (citing Neitzke, 490 U.S. at 331). Under Sec. 1915(d), judges have "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992) (quoting Neitzke, 490 U.S. at 327).
 
 
 3
 The district court found that Treptow's allegation of reverse discrimination was legally frivolous because Treptow did not allege intentional racial discrimination. We review dismissal under Sec. 1915(d) for an abuse of discretion. Denton, 112 S.Ct. at 1734.
 
 
 4
 "To state an equal protection claim, a Sec. 1983 plaintiff must allege that a state actor purposefully discriminated against him because of his identification with a particular (presumably historically disadvantaged) group." Sherwin Manor Nursing Ctr. v. McAuliffe, No. 93-2625, slip op. at 7 (7th Cir. Oct. 6, 1994). Purposeful discrimination "implies that the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group." Shango v. Jurich, 681 F.2d 1091, 1104 (7th Cir.1982).
 
 
 5
 In this case, Treptow's amended complaint alleges that the prison officials had a policy of meting out harsher punishments to white inmates. He cites three black inmates who received lesser punishments for similar crimes. However, isolated events or mere inconsistency in prison management does not, by itself, establish an equal protection violation. Shango, 681 F.2d at 1104 (citations omitted). Treptow does not allege that other white prisoners received harsher punishments than blacks. Neither does he show that the disciplinary board acted with racial animus towards him. Although the punishment may have been unfair to Treptow individually, the district court did not abuse its discretion in dismissing the complaint.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record