67 F.3d 301
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John T. BOHLING, Plaintiff-Appellant,
v.
SECURITY FEDERAL BANK, et al.,**
Defendants-Appellees.
 No. 94-2565.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 27, 1995.*
Decided Sept. 27, 1995.
 
 Before CUMMINGS, PELL and BAUER, Circuit Judges.
 
 ORDER
 
 1
 John Bohling appeals the district court's denial of his petition to proceed in forma pauperis and the dismissal of his complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Bohling filed a civil rights action alleging a conspiracy led by Deputy Lake County Prosecutor Thomas O'Donnell and involving Bohling's divorce attorney James Foster, his wife Georgette, and Security Federal Bank to force him to pay his monthly mortgage payments for the house where he lived with his wife prior to their divorce. They allegedly realized this conspiracy by arranging the appointment of Morton Kanz as Special Judge who then issued an order in March 1994 forcing him to pay his mortgage bills and directing Sheriff Stiglich and other miscellaneous law enforcement officers to evict him from his home and to arrest him without notice and/or a proper hearing. Bohling seeks compensatory damages and an injunctive order "canceling the mortgage."
 
 
 2
 Under Sec. 1915(d), the district court may dismiss a complaint if the claims have no arguable basis in law or fact and the action is frivolous. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Talley v. Lane, 13 F.3d 1031, 1033 (7th Cir.1994). "The threshold is a low one, for complaints that fail to state a claim under Federal Rule of Civil Procedure 12(b)(6) may nonetheless have an arguable basis in law, and are not considered frivolous." Talley, 13 F.3d at 1033; see also Neitzke, 490 U.S. at 328-29. We review a Sec. 1915(d) dismissal for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992); cf. Billman v. Indiana Dep't of Corrections, 56 F.3d 785, 787 (7th Cir.1995) ("En route to determining that a claim is frivolous, the district court must determine whether it is legally insufficient, an issue purely of law on which appellate review is plenary.").
 
 
 3
 In his complaint, Bohling does not allege any unconstitutional action on behalf of the Governor of Indiana Evan Bayh, Attorney General Pamela Carter or Robert Antich. The claims against state court judge Morton Kanz for damages are equally frivolous, having no arguable basis in law. Although Bohling alleges that the state court judge acted without jurisdiction, the judge performed a judicial function in ordering the eviction and arrest as well as the enforcement of the mortgage agreement and had subject matter jurisdiction over these proceedings. Accordingly, he is entitled to judicial immunity. Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349 (1978); Homola v. McNamara, 59 F.3d 647, 651 (7th Cir.1995).
 
 
 4
 Bohling's claim against Sheriff Stiglich for the enforcement of the court's eviction order is also without legal merit. If the Sheriff is sued in his official capacity, the claim is barred by the Eleventh Amendment because the Sheriff acted as an arm of the state judicial system in executing the court order and is therefore immune from suit. Homola, 59 F.3d at 651; Scott v. O'Grady, 975 F.2d 366, 371 (7th Cir.1992), cert. denied, 113 S.Ct. 2421 (1993). If sued in his individual capacity, the claim is barred by the Rooker-Feldman doctrine. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Under Rooker-Feldman, "[a] United States district court has no authority to review final judgments of a state court in judicial proceedings." Feldman, 460 U.S. at 482. A litigant who loses in state court may not seek a reversal of the state court judgment simply by casting his complaint in the form of a civil rights action; instead, he must seek review in the United States Supreme Court. Wright v. Tackett, 39 F.3d 155, 157-58 (7th Cir.1994), cert. denied, 115 S.Ct. 1100 (1995). Because Bohling's attempt to obtain damages for the execution of an allegedly erroneous judicial order is simply another way to contest the court's judgment, the federal district court lacked jurisdiction to hear this claim. See Homola, 59 F.3d at 651.
 
 
 5
 Likewise, Bohling's claim against Deputy Lake County Prosecutor O'Donnell, Georgette Bohling, and the Security Federal Bank for allegedly conspiring to force payment of his mortgage by initiating court proceedings is based on his belief that the court order was unconstitutionally obtained without notice or a hearing and is an attempt to obtain review of the state court decision. Thus, even if these defendants are state actors, Bohling's claim is barred by the Rooker-Feldman doctrine. See Homola, 59 F.3d at 649 (dismissing claim against defendants for initiating state proceedings against plaintiff); GASH Associates v. Village of Rosemont, 995 F.2d 726, 728 (7th Cir.1993) (Rooker-Feldman bars Sec. 1983 litigation even if plaintiff argues that the state judgment was entered after unconstitutional procedures were followed).
 
 
 6
 The district court's decision dismissing the complaint under Sec. 1915(d) is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement was filed. Accordingly, the appeal is submitted on the briefs and the record
 
 
 **
 James E. Foster, Pamela Carter, Thomas C. O'Donnell, Georgette Bohling, and Robert Antich, named as defendants in this action, advised the court that they would not participate in the appeal as they were not served with process in the district court