74 F.3d 1242
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William J. EVERS and Anita E. Evers, Plaintiffs-Appellants,
v.
OUTAGAMIE COUNTY, John R. Schreiter, George H. Schroeder, et
al., Defendants-Appellees.
 No. 95-1323.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 14, 1995.*
Decided Jan. 9, 1996.
 
 Before POSNER, Chief Judge, and FAIRCHILD and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 William and Anita Evers each filed a petition for leave to proceed in forma pauperis, along with a joint complaint describing four causes of action under 42 U.S.C. Sec. 1983. The district court denied IFP status and dismissed the action, concluding that the Evers were attempting to challenge their criminal sentences, and that they had failed to indicate that their sentences had been vacated, modified, or otherwise declared invalid. See Heck v. Humphrey, 114 S.Ct. 2364 (1994). This timely appeal followed.
 
 
 2
 As a threshold matter, neither this court nor the district court has subject matter jurisdiction over the Evers' second or fourth claims. Under the Rooker-Feldman doctrine, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); see also Rooker v. Fidelity Trust, 263 U.S. 413 (1923). A litigant "may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." Ritter v. Ross, 992 F.2d 750, 754 (7th Cir.1993), cert. denied, 114 S.Ct. 694 (1994) (internal quotation marks and citation omitted). Such a litigant may seek review only in the state courts and the United States Supreme Court. Wright v. Tackett, 39 F.3d 155, 157-58 (7th Cir.1994) (per curiam), cert. denied, 115 S.Ct. 1100 (1995).
 
 
 3
 In their second claim, the Evers alleged that in sentencing Anita Evers, a state court violated their constitutional rights by imposing court costs, and by ordering that a deed to a parcel of real property (the "First Impressions Building") be signed over to Outagamie County. This claim directly attacks state court judgments, and thus may not be heard in federal district court. In their fourth claim, the Evers alleged that the County took cash and personal property by means of a "Stipulation and Order," entered into by defendants Robert Lerner (holding himself out as attorney for William Evers) and John Des Jardins (an Assistant District Attorney for Outagamie County) on June 7, 1989. The defendants reproduce what appears to be that "Stipulation and Order" in their brief on appeal. The stipulation is signed by Lerner and Des Jardins, and converted into a court order by the state judge who sentenced Anita Evers, applying cash seized from William Evers to the fine imposed on Anita Evers. The stipulation and order are contained in a single document, with a heading indicating that it is a document of the Circuit Court of Outagamie County, Wisconsin, in the cases of State of Wisconsin v. William Evers and State of Wisconsin v. Anita Evers. The case numbers listed in this document are identical to the ones listed in the convictions of William Evers and Anita Evers, as reproduced in the Evers' opening brief. The Evers, in their reply brief, do not dispute the authenticity of the stipulation and order; they instead argue that it was an illegal device for taking their property. Although the stipulation and order refers only to cash seized from William Evers, the sum of the Evers' assertions in their complaint and on appeal is that all items described in their fourth claim--both cash and personal property--were taken by means of this very document. Accordingly, the Evers' fourth claim, like their second claim, is barred from federal district court as a direct attack on a state court judgment.
 
 
 4
 We move to the Evers' other two claims. These claims were dismissed sua sponte solely on the basis of the complaint and application for in forma pauperis status. Under 28 U.S.C. Sec. 1915(d), the district court may dismiss an IFP complaint as "frivolous" if the claims have no arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Talley v. Lane, 13 F.3d 1031, 1033 (7th Cir.1994). We review a dismissal under Sec. 1915(d) for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992).
 
 
 5
 The district court concluded that the Evers' first and third claims were challenges to their sentences. If that conclusion were correct, then the district court would lack jurisdiction over these two claims under the Rooker-Feldman doctrine. Alternatively, if the Evers were challenging "actions whose unlawfulness would render a conviction or sentence invalid," the district court would instead be required to dismiss these two claims under Heck v. Humphrey, given that the Evers did not allege that their convictions or sentences had been invalidated. Heck, 114 S.Ct. at 2372. However, it is clear that one may interpret each cause of action as challenging not sentences, but actions outside the judicial process. In their first claim, the Evers allege that defendants took three parcels of real estate "not as the result of any court order or plea agreement." Likewise in their third claim, the Evers allege that defendants took personal property that was "never subject to any court ordered forfeiture or plea agreement."
 
 
 6
 A district court may dismiss an IFP claim if it concludes that the facts alleged are "clearly baseless," Neitzke, 490 U.S. at 327; such a finding "is appropriate when the facts alleged rise to the level of the clearly irrational or the wholly incredible," Denton, 504 U.S. at 33. The district court did not indicate why (or even if) it thought "clearly baseless" the allegations that the properties were not taken under judicial orders; and we cannot find anything in this minimal record that indicates such clear baselessness, irrationality, or incredibility. Whether or not one believes the Evers' allegations that their property was taken without a judicial order, nothing in the complaint tends to exclude the possibility that those allegations are true. It was an abuse of discretion to dismiss the first and third claims on this record.[1]
 
 
 7
 The judgment of the district court is VACATED with respect to the Evers' second and fourth claims, and REMANDED with instructions to dismiss those claims for lack of subject matter jurisdiction. The remainder of the judgment is REVERSED and REMANDED, for proceedings not inconsistent with this opinion.[2]
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 The defendants cite a copy of Anita Evers' conviction, included in the appendix to the Evers' brief, for their argument that the Evers' first claim was properly dismissed. The defendants contend that the word "properties" in Anita Evers' sentence includes the three parcels of real estate described in the Evers' first claim. If that were true, then those three parcels would be forfeited according to the sentence, and the district court under the Rooker-Feldman doctrine would have no jurisdiction over the the Evers' first claim, which challenges that forfeiture. The defendants may ultimately prevail on this point, but we do not have enough information to ascertain one way or the other what the sentencing court meant by "properties."
 
 
 [2]
 The parties have not argued, nor do we express an opinion, whether the complaint states claims for relief under 42 U.S.C. Sec. 1983