UNITED STATES COURT OF APPEALS

**Filed 1/7/97**

TENTH CIRCUIT

RONALD DEAN LOWE,

    Plaintiff-Appellant,

v.

WELDON CANTRELL,

    Defendant-Appellee.

No. 96-6288
(D.C. No. CIV-96-957-M)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Plaintiff Ronald Dean Lowe, a pro se inmate, filed this 42 U.S.C. § 1983 action claiming he was denied adequate medical treatment for injuries sustained in an attack by another inmate. The district court denied his application for leave to proceed in forma pauperis, and plaintiff appeals. We affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff was allegedly assaulted by another inmate while confined in the Pottawatomie County Jail on April 17, 1993. Although medical treatment was administered, he claims defendant Weldon Cantrell, the Pottawatomie County Sheriff, failed to precisely follow the treating physician's recommendations (*e.g.*, giving him over-the-counter pain killers, providing a second visit with the physician to check on healing of the wounds, etc.).

Plaintiff allegedly mailed his complaint from prison on April 11, 1996. It is uncontroverted that the complaint was received by the clerk's office on April 19, 1996. Plaintiff allegedly completed a motion for leave to proceed in forma pauperis on April 11, 1996, and forwarded it to prison officials for completion. The certificate of prison account was signed on April 15, 1996, and the motion was received by the clerk's office on April 30, 1996. Plaintiff's motion to proceed in forma pauperis was denied by a magistrate judge on April 30, 1996, because his prison account balance exceeded $200. Plaintiff filed a pleading on May 7, 1996, alleging the certificate of prison account was erroneous because he had approximately $30 in his prison account, and it was accompanied by a corrected certificate of account confirming his allegation. On May 17, 1996, the magistrate recommended the motion be denied in accordance with the provisions of the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, § 804, 110 Stat. 1321, because plaintiff had previously filed at least three actions that had been dismissed as frivolous or malicious or for failure to state a claim upon which relief could be granted. On May 22, 1996, plaintiff allegedly mailed a notice of appeal from the magistrate's May 16 order. The notice of appeal was filed in the clerk's office on May 30, 1996.

On June 6, 1996, the magistrate sua sponte issued a memorandum opinion and order for the stated purpose of "complet[ing] the record of authorities supporting the Court's preliminary Order of May 17th." Order at p.1. The magistrate outlined three previous actions filed by plaintiff and dismissed by the district court. The magistrate further concluded plaintiff's claims were time-barred and subject to dismissal even if plaintiff's forma pauperis motion was granted. On August 2, 1996, the district court adopted the magistrate's order and affirmed the magistrate's order of May 17 denying the forma pauperis motion.

On appeal, plaintiff contends the district court erred in applying the PLRA because he filed his complaint prior to its enactment. More specifically, he notes both his complaint and his forma pauperis motion were delivered to prison authorities for mailing and thus both were "filed" prior to the effective date of the PLRA.

Assuming, for purposes of argument, that plaintiff's complaint and motion were filed prior to the effective date of the PLRA, we conclude plaintiff has not been harmed by the district court's rulings that relied upon the PLRA. Even under the pre-PLRA version of 28 U.S.C. § 1915, a plaintiff was not entitled to proceed in forma pauperis. The decision to allow a plaintiff to proceed without prepayment of fees and costs was a discretionary one. See Shobe v. California, 362 F.2d 545, 546 (9th Cir.) ("The granting or refusal of the privilege created by 28 U.S.C.A. § 1915 to commence and prosecute a suit in forma pauperis is a matter within the court's discretion."), cert. denied 385 U.S. 887 (1966); see also Neitzke v. Williams, 490 U.S. 319, 328 (1989) (a district court may deny an application to proceed in forma pauperis if satisfied the action is frivolous or malicious). Although the pre-PLRA version did not expressly state a district court could

-3-

deny a forma pauperis application on the grounds that an applicant had previously filed frivolous, malicious, or repetitive lawsuits, a district court nevertheless had discretion to deny an application on those grounds. See, e.g., Gibson v. R.G. Smith Co., 915 F.2d 260, 262 (6th Cir. 1990) ("We recognize that courts may prevent a pro se litigant from filing an in forma pauperis complaint where such a litigant has a long track record of filing frivolous suits."); Urban v. United Nations, 768 F.2d 1497, 1500 (D.C. Cir. 1985) (imposing injunction on litigious pro se claimant requiring that he seek leave of court prior to filing a complaint in a United States federal court).

Here, the district court found plaintiff had previously filed at least three lawsuits that had been dismissed as frivolous. Because plaintiff has not challenged these findings, there was no abuse of discretion on the part of the district court. See Talley v. Lane, 13 F.3d 1031, 1033 (7th Cir. 1994) (a district court's denial of a petition to proceed in forma pauperis is reviewed for abuse of discretion); see also Shabazz v. Askins, 980 F.2d 1333 (10th Cir. 1992).

In passing, we note the district court dismissed plaintiff's complaint without prejudice. Accordingly, plaintiff is not barred from bringing the same suit and paying the required district court filing fee if he wishes to pursue this cause of action.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge